| Fill in this information to identify the case: | | | |
|---|---|---|---|
| United States Bankruptcy Court for the: | | | |
| | District of | Delaware | |
| | | (State) | |
| Case number (*if known*): | | Chapter | 11 |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**  
   Marin Software Incorporated

2. **All other names debtor used in the last 8 years**  
   None  
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  
   20-4647180

4. **Debtor's address**

   **Principal place of business**

   149 New Montgomery  
   Number    Street

   4th Floor

   San Francisco        CA 94105  
   City              State   ZIP Code

   San Francisco  
   County

   **Mailing address, if different from principal place of business**

   _____  
   Number    Street

   _____  
   P.O. Box

   _____  
   City        State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____  
   Number    Street

   _____

   _____  
   City        State   ZIP Code

5. **Debtor's website (URL)**  
   www.marinsoftware.com

Debtor   Marin Software Incorporated
         Name                                    Case number (*if known*)

## 6. Type of debtor

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

## 7. Describe debtor's business

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5   1   3   2

## 8. Under which chapter of the Bankruptcy Code is the debtor filing?

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

## 9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?

☒ No
☐ Yes    District _____ When _____ Case number _____
                                  MM / DD / YYYY

If more than 2 cases, attach a separate list.

         District _____ When _____ Case number _____
                                  MM / DD / YYYY

Debtor ___Marin Software Incorporated_____  Case number (*if known*)_____
          Name

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☒ No<br>☐ Yes    Debtor _____    Relationship _____<br>         District _____    When _____<br>                                                                                             MM / DD / YYYY<br>         Case Number, if known _____ |

| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed<br>   **Why does the property need immediate attention?** (*Check all that apply.*)<br>   ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>   What is the hazard? _____<br>   ☐ It needs to be physically secured or protected from the weather.<br>   ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>   ☐ Other |

**Where is the property?** _____
                                    Number       Street

_____      _____      _____
City                      State           Zip Code

**Is the property insured?**
☐ No
☐ Yes    Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. | **Estimated number of creditors** | ☒ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |

Debtor     Marin Software Incorporated                    Case number (*if known*)_____
           Name

| | | | |
|---|---|---|---|
| **15.** | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☒ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16.** | **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☒ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/01/2025
              MM / DD / YYYY

✗ */s/ Robert Bertz*                                      Robert Bertz
  Signature of authorized representative of debtor        Printed name

  Title   Chief Financial Officer

**18. Signature of attorney**

✗ */s/ James E. O'Neill*                                  Date   07/01/2025
  Signature of attorney for debtor                              MM / DD / YYYY

  James E. O'Neill
  Printed name

  Pachulski Stang Ziehl & Jones LLP
  Firm name

  919 North Market Street, 17th Floor, P.O. Box 8705
  Number     Street

  Wilmington                                              DE              19899-8705 (Courier 1980)
  City                                                   State            ZIP code

  (302) 652-4100                                         joneill@pszjlaw.com
  Contact phone                                          Email address

  4042                                                   Delaware
  Bar number                                             State

Official Form 201           Voluntary Petition for Non-Individuals Filing for Bankruptcy           page 4

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

## United States Bankruptcy Court
### District of Delaware

In re  Marin Software Incorporated                              Case No.  25-(        )
                        Debtor(s)                               Chapter   11

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   0001389002   .

2. The following financial data is the latest available information and refers to the debtor's condition on  May 31, 2025 .

   a. Total assets                                                                $ 5,656,853

   b. Total debts (including debts listed in 2.c., below)                         $ 2,767,237

   c. Debt securities held by more than 500 holders
      N/A

                                                                                  Approximate number of holders:

   | secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | |
   |---|---|---|---|---|
   | secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | |
   | secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | |

   d. Number of shares of preferred stock                                         1

   e. Number of shares common stock                                               3,188,518

   Comments, if any:

3. Brief description of Debtor's business:
   *Marin is a provider of digital marketing solutions for search, social, and eCommerce advertising channels, offered as a unified software-as-a-service, or SaaS, advertising management platform for performance-driven advertisers and agencies. The platform is an analytics, workflow and optimization solution for performance marketers, enabling them to maximize the returns on their digital advertising spend.*

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   *N/A*

Official Form 201A        **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**

**OFFICER'S CERTIFICATE
AND
BOARD RESOLUTIONS**

OFFICER'S CERTIFICATE

The undersigned Robert Bertz is the Chief Financial Officer of Marin Software Incorporated, a Delaware corporation (the "Company").

The undersigned hereby certifies, in his capacity as an officer of the Company, that attached hereto as "Schedule A" is a true and complete copy of the resolutions that were passed at a meeting of the Board of Directors of the Company held of June 30, 2025 (the "Resolutions"), and the Resolutions have not been amended or rescinded and remain in full force and effect on the date hereof.

IN WITNESS WHEREOF, the undersigned has signed his name as of June 30, 2025.

**MARIN SOFTWARE INCORPORATED**

By: */s/ Robert Bertz*
    Name:    Robert Bertz
    Title:    Chief Financial Officer

Schedule A

**Approval of Commencement of Chapter 11 Case**

**WHEREAS**, the Board of Directors (the "Board") of Marin Software Incorporated ("Marin") has reviewed and considered certain materials provided by the management of the Company and the Company's financial and legal advisors, including, but not limited to, regarding the liabilities and obligations of the Company, its liquidity, strategic alternatives available to it, and the effect of the foregoing on the Company's business, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to consider fully each of the strategic alternatives available to the Company;

**WHEREAS**, on April 9, 2025, the Board approved the voluntary liquidation and dissolution of the Company (the "Dissolution") and adopted a Plan of Liquidation and Dissolution (the "Plan of Dissolution") subject to the approval of the Plan of Dissolution by the stockholders, and permitting the Board to delay or abandon the Plan of Dissolution, which the stockholders approved at a special meeting of the stockholders on June 11, 2025;

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interest of the Company, its creditors, employees, stockholders, and other parties in interest that a petition be filed by the Company seeking relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

**RESOLVED FURTHER**, that the Company's Chief Executive Officer, Chief Financial Officer, and such other officers of the Company as may be designated by either of them (each, an "Authorized Officer") be, and each of them hereby is, authorized on behalf of the Company to execute, verify, and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable, and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case and to enable the Company to conduct its operations consistent with its ordinary course of business to the extent permitted under the Bankruptcy Code.

**Abandon Plan of Dissolution and Approval of Proposed Transaction**

**WHEREAS**, the Board deems it to be advisable and in the best interest of the Company, its creditors, employees, and stockholders, to abandon the Plan of Dissolution and pursue the proposed transaction set forth in that certain Letter of Intent, dated May 30, 2025, by and between the Company and Kaxxa Holdings, Inc., pursuant to which, among other things, Kaxxa Holdings, Inc. or its affiliate will purchase substantially all of the assets of the Company for approximately $5.5 million (the "Proposed Transaction").

**NOW, THEREFORE, BE IT RESOLVED**, that the Company shall be, and hereby is, and the Authorized Officers shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed, and empowered to execute and deliver any and all documents necessary to effectuate the Proposed Transaction, including a restructuring support agreement, plan of reorganization (the "Plan"), and related exhibits and ancillary documents (collectively, the "Transaction Documents"), on terms that the Authorized Officers determine will maximize value, and the Company is further authorized to file a motion to confirm the Plan and for any related relief in the Company's chapter 11 proceeding, subject to such modifications thereto as the Company may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Officer).

**RESOLVED FURTHER**, in addition to the specific authorizations heretofore conferred upon the Authorized Officers, the Authorized Officers, either individually or as otherwise required by each Company's bylaws and other applicable governing documents of the Company (as amended and restated, the "Governing Documents"), be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to the Plan and the Transaction Documents.

**Retention of Professionals**

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered, and directed to employ the law firm of Pachulski Stang Ziehl & Jones LLP as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Pachulski Stang Ziehl & Jones LLP.

**RESOLVED FURTHER**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Fenwick & West LLP as the Company's corporate counsel, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Fenwick & West LLP.

**RESOLVED FURTHER**, that the Authorized Officers, on behalf of the Company, are authorized and empowered to retain the services of Armanino Advisory LLC as the Company's financial advisor, to the extent such services are deemed necessary by the Authorized Officers, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Armanino Advisory LLC.

**RESOLVED FURTHER**, that the Authorized Officers, on behalf of the Company, are authorized, empowered, and directed to retain the services of Donlin, Recano & Company, LLC, as the Company's claims, noticing, and solicitation agent (if necessary), and administrative advisor, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Donlin, Recano & Company, LLC.

**RESOLVED FURTHER**, that the Authorized Officers of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case, and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper by the Authorized Officers.

**Approval of Postpetition Financing**

**NOW, THEREFORE, BE IT RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized and empowered to obtain postpetition financing according to terms which may be negotiated by the management of the Company, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such postpetition financing or cash collateral agreement; and in connection therewith, each of the Authorized Persons are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements, and related ancillary documents as contemplated by, and in furtherance of, the Proposed Transaction.

**Approval of Amendment to Amended and Restated Change in Control and Severance Agreement**

**WHEREAS**, in connection with the previously anticipated wind down of the Company, the Board previously approved the reduction of the salaries of Company officers and employees whose base salary is more than $150,000 per year by 25% effective as of May 1, 2025 (such reductions being the "Salary Reductions");[1]

**WHEREAS**, former employee Alex Li (the "Contractor") is a contractor and also accepted a 25% reduction in payments since May 1, 2025 (the "Contractor Payment Reduction");

**NOW, THEREFORE, BE IT RESOLVED**, that the Board desires to incentivize the Employees, the Executive Officers, and the Contractor to complete the Proposed Transaction (which has a longer timeframe than the Dissolution) and authorize management, (i) in the event such employee is terminated in connection with the Proposed Transaction, to make a severance payment to each Employee in an amount equal to such Employee's aggregate Salary Reduction measured from May 1, 2025 to their termination date, which may be in addition to any other severance payment management may make in its discretion; (ii) in the event Contractor is terminated in connection with the Proposed Transaction, to make a severance payment to the Contractor in an amount equal to Contractor's aggregate Contractor Payment Reduction measured from May 1, 2025 to their termination date, which may be in addition to any other severance payment management may make in its discretion ((i) and (ii) collectively, the "Severance"); and (iii) in the case of the Executive Officers and Mr. Townsend, the Company shall amend such Executive Officer's Amended and Restated Change in Control and Severance Agreement as set forth in the forms for each such Executive in Annex 1 (the "Executive CIC Amendment");

**RESOLVED FURTHER**, that the Authorized Persons, and each of them with full authority to act without the others, are hereby authorized to execute and deliver, on behalf of themselves or the Company, all agreements, including the Executive CIC Amendments, certificates, documents, or filings necessary or appropriate in connection with the Executive CIC Amendment and the foregoing resolutions with respect to the Severance; and

**RESOLVED FURTHER**, that any actions taken by the Company's officers prior to the date of these resolutions in connection with the matters approved by these resolutions are hereby ratified, confirmed, and approved as the acts and deeds of the Company.

---

[1] "Employees" are Renee Blum, Sean LaBranche, Rui Fernandes, and Thomas Townsend.
"Executive Officers" are Chris Lien, Wister Walcott, and Bob Bertz.

4

**Omnibus Resolutions**

**NOW, THEREFORE, BE IT RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized, directed, and empowered in the name and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, amendments, supplements, waivers, consents, and other documents and to pay all expenses, including but not limited to filing fees, in each case in such Authorized Officer's absolute discretion, as may be necessary, appropriate, or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents, or hereby waives any right to have received such notice.

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

**RESOLVED FURTHER**, that any Authorized Officer be, and each of them hereby is, authorized, directed, and empowered in the name and on behalf of the Company to do all such other acts, deeds, and other things as the Company itself may lawfully do, in accordance with the Governing Documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including but not limited to the negotiation, finalization, execution (under hand or common seal, whether or not expressed to be a deed, as may be necessary or appropriate), and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents whatsoever as the individual acting may in his or her absolute and unfettered discretion approve, deem, or determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

## **Annex 1 to Schedule A**

*Intentionally Omitted*

| Fill in this information to identify the case: |
|---|
| **Debtor name:** Marin Software Incorporated |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number (if known):** 25-_____ |

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders          12/15

A list of creditors holding the 20 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Switch  7135 S Decatur Blvd.  Las Vegas NV 89118 | Heath Rose  Tel: 702.333.1091  hrose@switch.com | Trade Debt | ☐ C  ☐ U  ☑ D | | | $68,990.36 |
| 2 | Andersen Tax Holding LLC  PO Box 25493  New York NY 10087 | Rick Long  Tel: 312.357.3950  rick.long@andersen.com | Professional Services | ☑ C  ☐ U  ☐ D | | | $65,000.00 |
| 3 | Zayo Group, LLC  8 Finance Street  Unit 5805/F Two  Central Hong Kong  China | Andrew Cortrite  andrew.cortrite@zayo.com | Trade Debt | ☐ C  ☐ U  ☑ D | | | $26,117.26 |
| 4 | Q4 Inc.  99 Spadina Avenue  Suite 500  Toronto ON M5V3P8  Canada | Justin Tulloch  Tel: 917.540.6419  justin.tulloch@q4inc.com | Trade Debt | ☐ C  ☐ U  ☑ D | | | $24,664.79 |
| 5 | Alliance Advisors LLC  200 Broadacres Drive  3rd Floor  Bloomfield NJ 07003 | John Sanchez  ar@allianceadvisorsllc.com | Professional Services | ☐ C  ☐ U  ☐ D | | | $22,500.00 |
| 6 | Broadridge Inc.  P.O. Box 416423  Boston MA 02241 | Stevie Marcus  Tel: 720.697.4366  stevie.marcus@broadridge.com | Professional Services | ☐ C  ☐ U  ☑ D | | | $21,970.14 |

Debtor  **Marin Software Incorporated**                                                                                       Case number *(if known)* **25-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Morgan Lewis & Bockius LLP 2222 Market Street Philadelphia PA 19103-2921 | Lorraine Mary Valentine Tel: +44.20.3201.5569 lorraine.valentine@morganlewis.com | Professional Services | ☐ C ☐ U ☐ D | | | $5,465.50 |
| 8 | Navex Global, Inc. PO Box 60941 Charlotte NC 28260-0941 | ar@navex.com | Trade Debt | ☐ C ☐ U ☑ D | | | $4,825.07 |
| 9 | DNSFilter PO Box 96503 PMB 35914 Washington DC 20090-6503 | receivables@dnsfilter.com | Trade Debt | ☐ C ☐ U ☑ D | | | $1,560.00 |
| 10 | Richards, Layton & Finger, P.A. 920 North King Street Wilmington DE 19801 | John Mark Zeberkiewixz zeber@rlf.com | Professional Services | ☐ C ☐ U ☐ D | | | $1,122.50 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MARIN SOFTWARE INCORPORATED,[1] | Case No. 25-        (    ) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☒ None [*check if applicable*]

    Name:
    Address:

---

[1] The last four digits of the Debtor's federal tax identification number are 7180. The Debtor's address is 149 New Montgomery, 4th Floor, San Francisco, CA 94105.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:

MARIN SOFTWARE INCORPORATED,[1]

Debtor.

Chapter 11

Case No. 25-        (    )

LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Cede & Co | 570 Washington Blvd. Jersey City, NJ 07310 | 98.80984% |
| Christopher A Lien And Rebecca S Lien Co Trustees Of The Lien Revocable Trust Dated 7/8/2003 | Redacted – Available Upon Request | 0.81786% |
| Nominee For Marin Software Inc Rule 144 | 51 Mercedes Way Edgewood, NY 11717-8368 | 0.12780% |
| The Rebecca S Lien 2013 Annuity Trust Dated 2/4/13 | Redacted – Available Upon Request | 0.06358% |
| The Christopher A Lien 2013 Annuity Trust Dated 2/4/13 | Redacted – Available Upon Request | 0.06358% |
| Kongzhe Chen | Redacted – Available Upon Request | 0.05206% |
| Alastair Mactaggart | Redacted – Available Upon Request | 0.01663% |
| Paul Graham | Redacted – Available Upon Request | 0.00736% |
| Max Chen | Redacted – Available Upon Request | 0.00730% |
| Frans Vincent Op Den Kamp Deborah Huret Op Den Kamp Tr UA 09/21/2010 The Op Den Kamp Revocable Trust | Redacted – Available Upon Request | 0.00595% |
| Andrew J Razeghi | Redacted – Available Upon Request | 0.00589% |
| Jeffrey Lane | Redacted – Available Upon Request | 0.00247% |
| Mitchell Zuklie | Redacted – Available Upon Request | 0.00222% |
| Svetlana Gelfand | Redacted – Available Upon Request | 0.00222% |
| Lauren Ruhstaller | Redacted – Available Upon Request | 0.00185% |

---

[1] The last four digits of the Debtor's federal tax identification number are 7180. The Debtor's address is 149 New Montgomery, 4th Floor, San Francisco, CA 94105.

4927-2260-7698.1 54610.00001

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Matthew Greitzer | Redacted – Available Upon Request | 0.00185% |
| Jason Young | Redacted – Available Upon Request | 0.00160% |
| Bradley Tsunekawa | Redacted – Available Upon Request | 0.00128% |
| Kazuki Horiguchi | Redacted – Available Upon Request | 0.00110% |
| Joel Nathaniel Rast Seaton | Redacted – Available Upon Request | 0.00103% |
| Bryan Jacobs | Redacted – Available Upon Request | 0.00094% |
| Bryan Karas | Redacted – Available Upon Request | 0.00072% |
| Kelly Gray | Redacted – Available Upon Request | 0.00072% |
| Michael David Sumner | Redacted – Available Upon Request | 0.00063% |
| Kaven J Sumner | Redacted – Available Upon Request | 0.00063% |
| Brian Cary | Redacted – Available Upon Request | 0.00063% |
| Michelle Chow | Redacted – Available Upon Request | 0.00056% |
| Miguel Garcia | Redacted – Available Upon Request | 0.00050% |
| Ivan Oyuela Trachter | Redacted – Available Upon Request | 0.00038% |
| James Balestrieri | Redacted – Available Upon Request | 0.00028% |
| Anita Avram | Redacted – Available Upon Request | 0.00019% |
| Karl Leong | Redacted – Available Upon Request | 0.00009% |
| Pearl Tin | Redacted – Available Upon Request | 0.00006% |
| Kelsey Lam | Redacted – Available Upon Request | 0.00006% |
| Michael Liu | Redacted – Available Upon Request | 0.00006% |
| Carren Enriquez | Redacted – Available Upon Request | 0.00003% |
| Georgette Chi Yang | Redacted – Available Upon Request | 0.00003% |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Marin Software Incorporated |
| United States Bankruptcy Court for the: | District of Delaware (State) |
| Case number (If known): | |

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration   Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/01/2025
              MM/DD/YYYY

**x** */s/ Robert Bertz*
Signature of individual signing on behalf of debtor

Robert Bertz
Printed Name
Chief Financial Officer
Position or relationship to debtor

Official Form 202     **Declaration Under Penalty of Perjury for Non-Individual Debtors**