**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MARIN SOFTWARE INCORPORATED,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11263 (LSS) |

**NOTICE OF (I) NON-VOTING
STATUS DUE TO NON-IMPAIRMENT,
(II) CONDITIONAL APPROVAL OF DISCLOSURES,
(III) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND
(IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN**

**TO:** Holders of: (i) Class 1 Claims – Priority Non-Tax Claims; (ii) Class 2 Claims – Prepetition Lender Secured Claims; (iii) Class 3 Claims – Prepetition Lender Secured Claims; (iv) Class 4 Claims – Unsecured Claims; and (v) Class 5 – Interests

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On July 1, 2025 (the "Petition Date"), Marin Software Incorporated (the "Debtor") filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has continued in the possession of its property and has continued to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**THE COMBINED DISCLOSURE STATEMENT AND PLAN**

On July 15, 2025, the Debtor filed the *Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. 49] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Combined Disclosure Statement and Plan"). On July 30, 2025, the Debtor filed the *First Amended Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. 89].

**INTERIM CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT**

By an Order dated July 30, 2025 (the "Order"), the Court conditionally approved, on an interim basis, the disclosures (the "Disclosures") in the Combined Disclosure Statement and Plan as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 7180. The Debtor's address is 149 New Montgomery, 4th Floor, San Francisco, CA 94105.

The Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Combined Disclosure Statement and Plan.

## THE COMBINED HEARING

On **August 28, 2025 at 10:30 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable Laurie Selber Silverstein in the United States Bankruptcy Court, 824 North Market Street, 6th Floor, Courtroom 2, Wilmington, Delaware 19801, to consider final approval of the Disclosures and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtor will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and on any parties that have filed objections to approval of the Disclosures or confirmation of the Plan. The Combined Disclosure Statement and Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

## NON-VOTING STATUS

You are receiving this notice because, under the terms of the Combined Disclosure Statement and Plan, either: (a) your Claim(s) are not classified under the Combined Disclosure Statement and Plan pursuant to section 1123(a)(1) of the Bankruptcy Code and therefore you are not entitled to vote on the Plan; or (b) you are a holder of a Claim which is defined in the Combined Disclosure Statement and Plan as being in a class receiving an estimated one hundred percent (100%) recovery under the Combined Disclosure Statement and Plan, and therefore you are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code and are not entitled to vote to accept or reject the Plan. Accordingly, this notice is being mailed to you for your information only.

## INJUNCTIONS, RELEASES, AND DISCHARGE

Section 16 of the Combined Disclosure Statement and Plan contains the exculpation, release, and injunction provisions set forth below:

**Exculpation**

**The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken between the Petition Date and Effective Date in connection with or related to the Chapter 11 Case, the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Combined Disclosure Statement and Plan, or any agreement created or entered into in connection therewith;** *provided, however,* **that this limitation will not affect or modify the obligations created under the Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct,**

**fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction);** *provided, however*, **that any Exculpated Party shall be entitled to rely upon the advice of counsel with respect to its duties and responsibilities (if any) under the Plan, and such reliance shall form a defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of section 1125(e) of the Bankruptcy Code.**

**<u>Estate Release of Released Parties</u>**

**Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor, the Reorganized Debtor, and the Estate (collectively, the "<u>Estate Releasors</u>") shall release (the "<u>Estate Release</u>") each Released Party, and each Released Party is deemed released by the Estate Releasors from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Estate Releasors, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Estate Releasors would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place relating to the Debtor on and before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct, or gross negligence;** *provided, however*, **the foregoing Estate Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Estate Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Estate Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) in the best interests of the Debtor and all Holders of Claims and Interests; (c) fair, equitable, and reasonable; (d) given and made after due notice and opportunity for hearing; and (e) a bar to any of the Estate Releasors asserting any Claim or Cause of Action released pursuant to the Estate Release.**

**Injunction**

In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold, or may hold Claims against or Interests in the Debtor, the Reorganized Debtor, or the Estate that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Reorganized Debtor, the Estate, or the Plan Administrator with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Reorganized Debtor, the Estate, any of the Estate Property, or the Plan Administrator with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, the Reorganized Debtor, the Estate, any of the Estate Property, or the Plan Administrator with respect to any such Claim or Interest; and (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest. Except as otherwise expressly provided in the Plan, all Persons shall be precluded and forever barred from asserting against the Debtor, the Reorganized Debtor, the Plan Administrator, and their successors or assigns, or their assets, properties, or interests in property, any other or further Claims or Interests, or any other right to legal or equitable relief, regardless of whether such right can be reduced to a right to payment, based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal bases therefor were known or existed prior to the Effective Date. Nothing contained in this Section [16.4] shall prohibit the Holder of a timely filed Proof of Claim or an Interest from litigating its right to seek to have such Claim or Interest declared an Allowed Claim or Allowed Interest, as applicable, and paid in accordance with the distribution provisions of the Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor, the Reorganized Debtor, or the Plan Administrator under the Plan.

## DEADLINE FOR OBJECTIONS TO APPROVAL OF THE DISCLOSURES OR CONFIRMATION OF THE PLAN

Objections, if any, to final approval of the Disclosures or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Court together with proof of service **on or before August 21, 2025 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtor's chapter 11 case; (b) state with particularity the provision or provisions of the Combined Disclosure Statement and Plan objected to and, for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) counsel to the Debtor, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, One Sansome Street, Suite 3430, San Francisco, CA 94104, Attn: Debra Grassgreen (dgrassgreen@pszjlaw.com) and Jason H. Rosell (jrosell@pszjlaw.com); (ii) the Office of the

United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Jane M. Leamy (jane.m.leamy@usdoj.gov); (iii) counsel to the DIP Lender, YYYYY, LLC, (x) Cozen O'Connor P.C., 3 WTC, 175 Greenwich Street, 56th Floor, New York, NY 10007, Attn: Trevor Hoffmann (thoffmann@cozen.com), and (y) Cozen O'Connor P.C., 1201 N. Market Street, Suite 1001, Wilmington, DE 19801, Attn: Marla S. Benedek (mbenedek@cozen.com); and (iv) any statutory committee appointed in this chapter 11 case.

### COPIES OF THE COMBINED DISCLOSURE STATEMENT AND PLAN

If you wish to receive copies of the Combined Disclosure Statement and Plan, they will be provided, as quickly as practicable, upon request to the Debtor's claims and noticing agent, Donlin, Recano & Company, LLC: (i) by email at mrininfo@angeiongroup.com; or (ii) by mail at Donlin, Recano & Company, LLC, Re: Marin Software Incorporated, P.O. Box 2053, New York, NY 10272-2042. Copies may also be accessed at the case website at www.donlinrecano.com/mrin.

Dated: July 31, 2025      **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
James E. O'Neill (DE Bar No. 4042)
Debra I. Grassgreen (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel: (302) 652-4100
Email:  joneill@pszjlaw.com
           dgrassgreen@pszjlaw.com
           jrosell@pszjlaw.com

*Counsel to the Debtor*