**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MARIN SOFTWARE INCORPORATED,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11263 (LSS)<br><br>**Related Docket Nos. 49, 89, 104, and 105** |

**NOTICE OF FILING OF**
**SECOND AMENDED COMBINED DISCLOSURE**
**STATEMENT AND PLAN OF REORGANIZATION OF MARIN**
**SOFTWARE INCORPORATED UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on July 15, 2025, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. 49] with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and on July 30, 2025, the Debtor filed the *First Amended Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. 89] (the "First Amended Plan").

**PLEASE TAKE FURTHER NOTICE** that on August 25, 2025, the Debtor filed the *Second Amended Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. 111] (the "Second Amended Plan"). The Second Amended Plan contains non-material modifications to the First Amended Plan that address informal comments the Debtor received from the United States Trustee.

---

[1] The last four digits of the Debtor's federal tax identification number are 7180. The Debtor's address is 149 New Montgomery, 4th Floor, San Francisco, CA 94105. Copies of all pleadings filed in this chapter 11 case may be obtained free of charge at www.donlinrecano.com/mrin.

**PLEASE TAKE FURTHER NOTICE** that attached hereto as **Exhibit A** is a comparison (changed pages only) of the First Amended Plan to the Second Amended Plan.

**PLEASE TAKE FURTHER NOTICE** that the hearing to consider confirmation of the Second Amended Plan (the "Confirmation Hearing") will be held in person before the Honorable Laurie Selber Silverstein, United States Bankruptcy Court Judge, at the United States Bankruptcy Court, 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, Delaware 19801, on **August 28, 2025, at 10:30 a.m. (Eastern Time)**.

Dated: August 25, 2025                                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James E. O'Neill (DE Bar No. 4042)
Debra I. Grassgreen (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel: (302) 652-4100
Email: joneill@pszjlaw.com
           dgrassgreen@pszjlaw.com
           jrosell@pszjlaw.com

*Counsel to the Debtor*

# EXHIBIT A

**Comparison of First Amended Plan to Second Amended Plan**

**(Changed Pages Only)**

**CONFIRMATION VERSION**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MARIN SOFTWARE INCORPORATED,[1] | Case No. 25-11263 (LSS) |
| Debtor. | |

**~~FIRST~~SECOND AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION OF MARIN SOFTWARE INCORPORATED UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

James E. O'Neill (DE Bar No. 4042)
Debra I. Grassgreeen (admitted *pro hac vice)*
Jason Rosell (admitted *pro hac vice*)
919 North Market Street, 17th Floor
P.O. Box 8750
Wilmington, Delaware 19899-8705
Tel:  302-652-4100
Email:     joneill@pszjlaw.com
           dgrassgreen@pszjlaw.com
           jrosell@pszjlaw.com

*Counsel to the Debtor*

Dated:  ~~July 30~~August 25, 2025

---

[1] The last four digits of the Debtor's federal tax identification number are 7180. The Debtor's address is 149 New Montgomery, 4th Floor, San Francisco, CA 94105. Copies of all pleadings filed in this chapter 11 case may be obtained free of charge at www.donlinrecano.com/mrin.

4896-~~9831-8936.3~~5273-2769.1 54610.00002

## SECTION 8
## UNCLASSIFIED CLAIMS

**8.1** **Unclassified Claims**

In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims (including DIP Facility Claims) and Priority Tax Claims have not been classified for purposes of voting or receiving Distributions. Rather, all such Claims are treated separately as unclassified Claims as set forth in this Section 8.1, and the holders thereof are not entitled to vote on the Combined Disclosure Statement and Plan.

**8.2** **Administrative Claims**

**(a)** **Administrative Claims**

Except to the extent that a Holder of an Allowed Administrative Claim has been paid by the Debtor prior to the Effective Date or such other treatment has been agreed to by the Holder of such Administrative Claim and the Plan Administrator, each Holder of an Allowed Administrative Claim (other than a Professional Fee Claim and a DIP Facility Claim, which shall be treated in accordance with Sections 8.2(b) and (c), respectively), in full and final satisfaction, release, settlement and discharge of such Administrative Claim, shall be paid in full, in Cash, in such amounts as (a) are incurred in the ordinary course of business by the Debtor when and as such Claim becomes due and owing, (b) are Allowed by the Bankruptcy Court upon the later of the Effective Date, the date upon which there is a Final Order allowing such Administrative Claim, or any other date specified in such order, or (c) with respect to statutory fees due pursuant to 28 U.S.C. § 1930(a)(6), as and when due under applicable law.

Holders of Administrative Claims (including, without limitation, Professionals requesting compensation or reimbursement of such expenses pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code) that do not file such requests by the applicable deadline provided for herein may be subject to objection for untimeliness and may be prohibited by order of the Bankruptcy Court from asserting such claims against the Debtor, the Reorganized Debtor, the Estate, or their successors or assigns, or their property. Any objection to Professional Fee Claims shall be filed on or before the objection deadline specified in the application for final compensation or order of the Bankruptcy Court.

All fees due and payable under 28 U.S.C. § 1930 that have not been paid shall be paid on or before the Effective Date.

**(b)** **Professional Fees**

Professionals requesting compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b), or 1103 of the Bankruptcy Code or required to file fee applications by order of the Bankruptcy Court for services rendered prior to the Effective Date must file and serve pursuant to applicable rules and guidelines, an application for final allowance of compensation and reimbursement of expenses **no later than thirty (30) days after the Effective Date**. All such applications for final allowance of compensation and reimbursement of expenses will be subject to the authorization and approval of the Bankruptcy Court.

25

**12.4  Estimation of Claims**

At any time, (a) prior to the Effective Date, the Debtor, and (b) after the Effective Date, the Plan Administrator may request that the Bankruptcy Court estimate any contingent or unliquidated Claim to the extent permitted by section 502(c) of the Bankruptcy Code regardless of whether the Debtor or the Plan Administrator has previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court shall have jurisdiction to estimate any Claim at any time during Litigation concerning any objection to such Claim, including during the pendency of any appeal relating to any such objection. If the Bankruptcy Court estimates any contingent or unliquidated Claim, that estimated amount shall constitute either the Allowed amount of such Claim or a maximum limitation on the Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on the Claim, the Debtor or the Plan Administrator, as applicable, may elect to pursue supplemental proceedings to object to the ultimate allowance of the Claim. All of the aforementioned Claims objection, estimation, and resolution procedures are cumulative and not exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdraw, or resolved by any mechanism of the Bankruptcy Court.

**12.5  Disallowance of Claims**

Except as otherwise agreed or ordered by the Bankruptcy Court, any and all proofs of claim filed after the Bar Date shall be treated as a Disputed Claim for purposes of Distribution without any further notice or action, and Holders of such Claims may not receive any Distributions on account of such Claims, unless on or before the Confirmation Date the Bankruptcy Court has entered an order deeming such Claim to be timely filed.

On the ~~Confirmation~~Effective Date, any Claim that is scheduled by the Debtor in the Schedules as (a)(i) disputed ~~or~~, contingent, or unliquidated, or (ii) listed at zero or undetermined, and (b) as to which no Proof of Claim has been timely filed (or deemed timely filed by Final Order entered by the Bankruptcy Court) shall be deemed a Disallowed Claim.

Any Claims held by Entities from which property is recoverable under sections 542, 543, 550, or 553 of the Bankruptcy Code or Entities that are transferees of transfers avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of the Bankruptcy Code shall be deemed disallowed pursuant to section 502(d) of the Bankruptcy Code, and Holders of such Claims may not receive any Distributions on account of such Claims until such time as such Causes of Action the Debtor holds or may hold against any Entity have been resolved or a Bankruptcy Court order with respect thereto has been entered and all sums due, if any, to the Estate by that Entity have been turned over or paid to the Reorganized Debtor.  Notwithstanding the foregoing, the Plan Administrator may assert any claim, counterclaim, setoff, or defense of the Debtor, Estate, or Reorganized Debtor in connection with the prosecution of any objection to a Disputed Claim.

**12.6  Reserve Provisions for Disputed Claims**

Before making any Distribution, the Plan Administrator shall reserve Cash required for distribution on Disputed Claims as if such Claims were Allowed as filed with any Disputed Claims that are unliquidated or contingent being reserved in an amount reasonably determined by the Plan

**(e)** To hear and determine any and all motions and/or objections to fix, estimate, allow, and/or disallow any Claims arising therefrom;

**(f)** To hear and determine any and all applications by Professionals for an award of on account of any Professional Fee Claims;

**(g)** To enable the Reorganized Debtor to commence and prosecute any Litigation which may be brought after the Effective Date;

**(h)** To interpret and/or enforce the provisions of the Plan and the injunction provided for in the Plan and to determine any and all disputes arising under or regarding interpretation of the Plan or any agreement, document, or instrument contemplated by the Plan;

**(i)** To enter and implement such orders as may be appropriate in the event Confirmation is for any reason stayed, reversed, revoked, modified, or vacated;

**(j)** To modify any provision of the Plan to the extent permitted by the Bankruptcy Code and to correct any defect, cure any omission, or reconcile any inconsistency in the Plan or in the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

**(k)** To enter such orders as may be necessary or appropriate in furtherance of Confirmation and the successful implementation of the Plan and to determine such other matters as may be provided for in the Confirmation Order or as may be authorized under the provisions of the Bankruptcy Code;

**(l)** To enter any orders as required by Rule 23 of the Federal Rules of Civil Procedure, to the extent made applicable to any adversary proceeding pursuant or contested matter pursuant to Bankruptcy Rules 7023 and 9014(c), as applicable; and

**(m)** To close the Chapter 11 Case when the administration of the Chapter 11 Case has been completed.

## SECTION 19
## MISCELLANEOUS PROVISIONS

**19.1** **Payment of Statutory Fees / Closing of Chapter 11 Case**

All fees payable under section 1930 of chapter 123 of Title 28 of the United States Code ("~~U.S.T.~~together with the statutory rate of interest set forth in section 3717 of Title 31 of the U.S. Code to the extent applicable ("Quarterly Fees") for periods prior to the Effective Date shall be paid on the Effective Date, or as soon as practicable thereafter, by the ~~Debtor or Reorganized Debtor.~~Debtor, and the Debtor shall file with the Bankruptcy Court all monthly operating reports due prior to ~~On and after~~ the Effective Date~~, quarterly fees owed to the U.S. Trustee shall be paid by the Plan Administrator on behalf of the Debtor when due in accordance with applicable law and, from and~~when they become due, using UST Form 11-MOR.  ~~a~~After the Effective Date, ~~shall be based on Distributions made by the Plan Administrator and~~the Debtor, the Reorganized Debtor~~.~~, or ~~T~~the Plan Administrator ~~shall file all post-confirmation quarterly reports on behalf of the Debtor~~

48

~~until the Chapter 11 Case is closed under section 350 of the Bankruptcy Code, provided that such reports shall be based on Distributions and collections (if any) of the Plan Administrator and the Reorganized Debtor~~(acting on their behalf) shall pay any and all Quarterly Fees when due and payable and shall file with the Bankruptcy Court separate UST Form 11-PCR reports when they become due. The U.S. Trustee shall not be required to file any Administrative Claim in the case, and shall not be treated as providing any release under the Plan. The Plan Administrator may seek to close the Chapter 11 Case, in his, her, or its discretion, on motion to the Bankruptcy Court once all Distributions have been made in accordance with the Plan.

### 19.2  Revocation of the Combined Disclosure Statement and Plan

The Debtor, subject to the consent of the Plan Sponsor, reserves the right to revoke and withdraw the Combined Disclosure Statement and Plan at any time on or before the Confirmation Date. If the Debtor revokes or withdraws the Combined Disclosure Statement and Plan, or if Confirmation or the Effective Date does not occur, then the Plan shall be deemed null and void and, in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other entity or to prejudice in any manner the rights of the Debtor or any Entity in any further proceedings involving the Debtor.

### 19.3  Severability of Plan Provisions

In the event that, prior to the Confirmation Date, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall, with the consent of each of the Debtor and the Prepetition Agent, have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions hereof shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision hereof, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

### 19.4  Exhibits

All exhibits attached to the Combined Disclosure Statement and Plan and the Plan Supplement are, by this reference, hereby incorporated herein. The Debtor reserves the right to make non-substantive changes and corrections to such Exhibits in advance of the Confirmation Hearing. If any Exhibits are changed or corrected, the replacement Exhibits will be filed with the Bankruptcy Court prior to the commencement of the Confirmation Hearing.

### 19.5  Notices

All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by nationally recognized overnight or next-day courier service, first-class mail, or electronic mail as follows:

Counsel to the Debtor:

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Attn:   James O'Neill, Debra Grassgreen, and Jason Rosell
         joneill@pszjlaw.com; dgrassgreen@pszjlaw.com; jrosell@pszjlaw.com

Plan Administrator:

[To be determined as set forth in Plan Supplement]Armanino Advisory LLC
Attention: Michael Hogan
2700 Camino Ramon, Suite 350
San Ramon, CA 94583
Email:  Michael.Hogan@armanino.com
          LegalDepartment@armanino.com

### 19.6    Reservation of Rights

Neither the filing of the Combined Disclosure Statement and Plan nor any statement or provision contained in the Combined Disclosure Statement and Plan, nor the taking by any party in interest of any action with respect to the Plan, shall: (a) be or be deemed to be an admission against interest and (b) until the Effective Date, be or be deemed to be a waiver of any rights any party in interest may have (i) against any other party in interest, or (ii) in or to any of the assets of any other party in interest, and, until the Effective Date, all such rights are specifically reserved. In the event that the Plan is not confirmed or fails to become effective, neither the Combined Disclosure Statement and Plan nor any statement contained in the Combined Disclosure Statement and Plan may be used or relied upon in any manner in any suit, action, proceeding, or controversy within or without the Chapter 11 Case involving the Debtor, except with respect to Confirmation of the Plan.

### 19.7    Defects, Omissions and Amendments

The Debtor may, with the approval of the Bankruptcy Court and without notice to all Holders of Claims or Interests, insofar as it does not materially and adversely affect Holders of Claims, correct any defect, omission, or inconsistency in the Plan in such manner and to such extent as may be necessary or desirable to expedite the execution of the Plan. The Plan may be altered or amended before or after Confirmation as provided in section 1127 of the Bankruptcy Code if, in the opinion of the Bankruptcy Court, the modification does not materially and adversely affect the interests of Holders of Claims, so long as the Plan, as modified, complies with sections 1122 and 1123 of the Bankruptcy Code and the Debtor has complied with section 1125 of the Bankruptcy Code. The Plan may be altered or amended before or after the Confirmation Date but, prior to substantial Consummation, in a manner which, in the opinion of the Bankruptcy Court, materially and adversely affects Holders of Claims, so long as the Plan, as modified, complies with sections 1122 and 1123 of the Bankruptcy Code, the Debtor has complied with section 1125 of the

## SECTION 20
## RECOMMENDATION

FOR ALL THE REASONS SET FORTH IN THIS COMBINED DISCLOSURE STATEMENT AND PLAN, THE DEBTOR BELIEVES THAT IT IS IN THE BEST INTERESTS OF THE HOLDERS OF CLAIMS AND INTERESTS IN THE DEBTOR FOR THE COMBINED DISCLOSURE STATEMENT AND PLAN TO BE APPROVED AND CONFIRMED BY THE BANKRUPTCY COURT AND FOR THE PLAN TO BE CONSUMMATED.

Dated: ~~July 30~~ August 25, 2025    MARIN SOFTWARE INCORPORATED

/s/ Robert Bertz
Robert Bertz
Chief Financial Officer

41. **"DIP Financing Motion"** has the meaning set forth in Section 5.2 hereof.

42. **"DIP Lender"** means YYYYY, LLC, in its capacity as postpetition lender under the DIP Facility.

43. **"DIP Orders"** means, collectively, the Interim DIP Order and Final DIP Order.

44. **"Disallowed Claim"** means a Claim, or any portion thereof, that has been (i) disallowed by a Final Order or by other agreement of a Claimant, (ii) any Claim that is listed by the Debtor in the Schedules as zero or as ~~disputed~~ undetermined and as to which no Proof of Claim has been timely filed, (iii) any Claim that is listed by the Debtor in the Schedules as disputed, contingent, or unliquidated and as to which no Proof of Claim has been timely filed, or (iv) any Claim that is deemed disallowed pursuant to the terms of the Plan.

45. **"Disclosure Statement"** means the portion of this Combined Disclosure Statement and Plan that satisfies the disclosure requirements of section 1125 of the Bankruptcy Code, including all exhibits and schedules thereto, as may be amended or supplemented.

46. **"Disputed"** means, with respect to any Claim or Interest, any Claim or Interest: ~~(a) listed on the Schedules as unliquidated, disputed, or contingent~~ and as to which no Proof of Claim has been ~~filed; or (b)~~ as to which the Debtor, the Plan Administrator, or any other party in interest has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules or is otherwise disputed by the Debtor or the Plan Administrator in accordance with applicable law, which objection, request for estimation or dispute has not been withdrawn or determined by a Final Order.

47. **"Disputed Claim"** means: (i) any Claim or portion of a Claim as to which an objection to the allowance thereof has been interposed as of any deadline fixed under the Plan or by order of the Bankruptcy Court, which objection has not been withdrawn or determined by Final Order; ~~(ii) any Claim that is not a Disallowed Claim that is scheduled by the Debtor in the Schedules as disputed, contingent, or unliquidated~~ and as to which no Proof of Claim has been timely filed; or (iii) any Claim that is not a Disallowed Claim that is not listed in the Schedules and as to which no Proof of Claim has been timely filed. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Disputed Claim only to the extent of the objection.

48. **"Disputed Claim Reserve"** has the meaning set forth in Section 12.6 hereof.

49. **"Dissolution"** has the meaning set forth in Section 4.3 hereof.

50. **"Distribution(s)"** means the distribution(s) of Cash to be made to Holders of Claims and/or Interests in accordance with the Plan.

51. **"Distribution Dates"** means collectively the Initial Distribution Date, any Subsequent Distribution(s) Date, and the date of the Final Distribution.

52. **"Distribution Record Date"** means the close of business on the Business Day immediately preceding the Effective Date.