# EXHIBIT B

**Comparison of Plan Administrator Agreement to Modified Plan Administrator Agreement**

**(Changed Pages Only)**

*~~DRAFT~~*

# PLAN ADMINISTRATOR AGREEMENT

This Plan Administrator Agreement (the "Agreement")[1] is made this [●] day of [~~●~~]September, 2025, by and among Marin Software Incorporated (the "Debtor") and Armanino Advisory LLC, as the Plan Administrator appointed under the terms of (i) the *~~First~~Second Amended Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. ~~89~~111] (as amended and confirmed, the "Plan"), (ii) the *Order Confirming ~~First~~Second Amended Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. [●]] (the "Confirmation Order"), and (iii) this Agreement (the "Plan Administrator").

## RECITALS

WHEREAS, on July 1, 2025, the Debtor filed a voluntary chapter 11 petition with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

WHEREAS, on [●], 2025, the Bankruptcy Court entered the Confirmation Order ~~confirming the Plan~~;

WHEREAS, pursuant to the terms of the Plan and the Confirmation Order, the Plan Administrator is charged with overseeing the tasks outlined in the Plan;

WHEREAS, pursuant to the terms of the Plan, the Plan Administrator will have full authority, duty, and responsibility to: (1) liquidate the Excluded Assets and effect all actions and execute all agreements, instruments and other documents necessary to implement the applicable provisions of the Plan; (2) access and utilize the Available Cash and Plan Consideration and make all Distributions to Creditors and Holders of Interests in accordance with the Plan; (3) establish and administer any necessary reserves for Disputed Claims that may be required; (4) object to the Disputed Claims and prosecute, settle, compromise, withdraw or resolve in any manner approved by the Bankruptcy Court such objections; (5) employ and compensate professionals and other agents, including, without limitation, existing Professionals employed by the Debtor; and (6) take all other administrative actions on behalf of the Debtor, including, without limitation, the filing of any requisite tax returns and post-confirmation filings with the Bankruptcy Court relating to the Debtor; and

WHEREAS, on [●], 2025, the Plan became effective by its terms (the "Effective Date").

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the mutual agreements of the parties contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the parties hereby agree as follows:

---

[1] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or Confirmation Order (each as defined below), as applicable.

*DRAFT*

accordance with the Plan, the Confirmation Order, and this Agreement. The Plan Administrator shall be a party-in-interest for all purposes under the Chapter 11 Case within the meaning of section 1109(b) of the Bankruptcy Code.

## ARTICLE II
## LIABILITY OF PLAN ADMINISTRATOR

**2.1    Standard of Care; Exculpation.** Neither the Plan Administrator nor any director, officer, member, affiliate, employee, employer, professional, agent, or representative of the Plan Administrator (collectively, the "Plan Administrator Parties") shall be liable for losses, claims, damages, liabilities, or expenses in connection with the affairs or property of the Reorganized Debtor or the Excluded Assets, Available Cash, and Plan Consideration to any holder of Allowed Claims or Interests under the Plan, or any other Person, for the acts or omissions of the Plan Administrator Parties under this Agreement, the Plan, or the Confirmation Order; *provided*, *however*, that the foregoing limitation shall not apply as to any losses, claims, damages, liabilities, or expenses suffered or incurred by any holder of Allowed Claims or Interests that are found by a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from the fraud, gross negligence, or willful misconduct of any of the Plan Administrator Parties. Every act done, power exercised, or obligation assumed by the Plan Administrator Parties pursuant to this Agreement, the Plan, or the Confirmation Order shall be held to be done, exercised, or assumed, as the case may be, by the Plan Administrator Parties acting for and on behalf of the Plan Administrator and not otherwise; *provided, however*, that none of the Plan Administrator Parties shall be deemed to be responsible for any other such Plan Administrator Parties' actions or inactions outside of the scope of the authority provided by or to the Plan Administrator. Except as provided in the proviso of the first sentence of this section, every holder of Allowed Claims or Interests, Person, firm, corporation, or other Entity contracting or otherwise dealing with or having any relationship with the Plan Administrator, and any director, officer, member, affiliate, employee, employer, professional, agent, or representative of the Plan Administrator, shall have recourse only to the Excluded Assets, Available Cash, and Plan Consideration for payment of any liabilities or other obligations arising in connection with such contracts, dealings, or relationships, and the Plan Administrator Parties shall not be individually liable therefor. For the avoidance of doubt, except as provided in the proviso of the first sentence of this section, neither the Plan Administrator, in its capacity as such, nor any of the Plan Administrator Parties, in their respective capacities, shall have any liability whatsoever to any party for the liabilities or obligations, however created, whether direct or indirect, in tort, contract, or otherwise, of the Debtor or the Reorganized Debtor.

**2.2    Limitation of Liability.**

(a)    Satisfaction of any obligation arising pursuant to the terms of this ~~section~~Article II shall be payable only from the Excluded Assets, Available Cash, and Plan Consideration and may be advanced prior to the conclusion of such matter, and such right to payment shall be prior and superior to any other rights to receive a Distribution of the Excluded Assets, Available Cash, and Plan Consideration; *provided, however*, this subsection shall not apply to any such loss, claim, damage, liability, or expense to the extent it is found in a final judgment by a court of competent jurisdiction (not subject to further appeal) to be a liability for which recourse is not limited pursuant to Section 2.1 above. Notwithstanding any of the

6

provisions herein, the Reorganized Debtor shall not be liable for (i) any Plan Administrator Party's acts or omissions under this Agreement, the Combined Disclosure Statement and Plan, or the Confirmation Order, or (ii) for any Plan Administrator Party's actions found by a final judgment by a court of competent jurisdiction (not subject to further appeal) to have resulted primarily and directly from any such party's fraud, gross negligence, or willful misconduct..

(b)  The Plan Administrator shall be permitted to pay from the Excluded Assets, Available Cash, and Plan Consideration expenses reasonably incurred by any Plan Administrator Party in defending, participating in, or settling any action, proceeding, or investigation in which such Plan Administrator Party is a party or is threatened to be made a party or otherwise is participating in connection with the Agreement or the duties, acts, or omissions of the Plan Administrator, upon submission of invoices therefor, whether in advance of the final disposition of such action, proceeding, or investigation or otherwise.

(c)  Each Plan Administrator Party shall, and by its acceptance of the rights hereunder hereby undertakes to, repay any and all ~~such~~ amounts ~~so~~ advanced pursuant to Section 2.2(b) above if it shall ultimately be determined by a court of competent jurisdiction that such ~~Plan Administrator Party is not entitled to be indemnified therefor under this Agreement~~losses, claims, damages, liabilities, or expenses resulted primarily and directly from such Party Administrator Party's fraud, gross negligence, or willful misconduct.

2.3  **No Liability for Acts of Successor / Predecessor Plan Administrators.** Upon the appointment of a successor Plan Administrator and the delivery of the then remaining Excluded Assets, Available Cash, and Plan Consideration to the successor Plan Administrator, the predecessor Plan Administrator and any director, officer, member, affiliate, employee, employer, professional, agent, or representative of the predecessor Plan Administrator shall have no further liability or responsibility with respect thereto (other than liabilities arising prior to the cessation of its role as Plan Administrator). A successor Plan Administrator shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor, and no successor Plan Administrator shall be in any way liable for the acts or omissions of any predecessor Plan Administrator, unless a successor Plan Administrator expressly assumes such responsibility. A predecessor Plan Administrator shall have no liability for the acts or omissions of any immediate or subsequent successor Plan Administrator for any events or occurrences subsequent to the cessation of its role as Plan Administrator.

2.4  **Reliance by Plan Administrator on Documents or Advice of Counsel.** Except as otherwise provided in this Agreement, the Plan Administrator and any director, officer, member, affiliate, employee, employer, professional, agent, or representative of the Plan Administrator may rely, and shall be protected from liability for acting, on any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document reasonably believed by the Plan Administrator to be genuine and to have been presented by an authorized party.

2.5  **Insurance.** The Plan Administrator may obtain commercially reasonable liability or other appropriate insurance with respect to the indemnification obligations set forth herein or