## <u>EXHIBIT A</u>

**Proposed Confirmation Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MARIN SOFTWARE INCORPORATED,[1] | Case No. 25-11263 (LSS) |
| Debtor. | **Related Docket No. 111** |

**ORDER CONFIRMING SECOND AMENDED COMBINED DISCLOSURE
STATEMENT AND PLAN OF REORGANIZATION OF MARIN SOFTWARE
INCORPORATED UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Upon the filing by Marin Software Incorporated, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, of the *Second Amended Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. 111], a copy of which is attached hereto as **Exhibit A** (including all exhibits and schedules thereto and as amended, modified, or supplemented from time to time, the "Combined Disclosure Statement and Plan");[2] and the Court having previously entered the *Order (I) Granting Conditional Approval of the Adequacy of Disclosures in the Combined Disclosure Statement and Plan; (II) Scheduling a Combined Hearing on (A) the Adequacy of the Disclosure Statement, (B) Confirmation of the Plan, and (C) the Assumption or Rejection of Executory Contracts and Cure Amounts, and Setting Deadlines Related Thereto; (III) Approving the Forms of Notices to Non-Voting Classes; and (IV) Granting Related Relief* [Docket No. 88] (the "Conditional Approval and Procedures Order"); and the Debtor having served the Combined Hearing Notice upon: (a) the Office of the United States Trustee for the District of Delaware (the

---

[1]    The last four digits of the Debtor's federal tax identification number are 7180. The Debtor's address is 149 New Montgomery, 4th Floor, San Francisco, CA 94105.

[2]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the Combined Disclosure Statement and Plan.

"U.S. Trustee"); (b) the Debtor's known creditors on its creditor matrix, including, among others, all taxing authorities, banks, UCC-1 lien holders, other secured creditors, litigants, and counterparties to contracts; (c) the Internal Revenue Service; (d) the United States Securities and Exchange Commission (the "SEC"); (e) the United States Attorney's Office for the District of Delaware; (f) holders of equity interests; and (g) any party requesting special notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2002-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), in accordance with the Conditional Approval and Procedures Order;[3] and the Debtor having served the Non-Voting Notice in accordance with the Conditional Approval and Procedures Order; and the Debtor having filed the *Supplement to First Amended Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. 104] (as amended, the "Plan Supplement") in accordance with the Conditional Approval and Procedures Order; and the Debtor having filed a Form 8-K with the SEC attaching a copy of the *First Amended Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. 89], notifying equity holders of the scheduled hearing to consider final approval and confirmation of the Combined Disclosure Statement and Plan and the deadlines to file for objections thereto; and the Court having considered the record in this Chapter 11 Case and the *Declaration of Robert Bertz in Support of Confirmation of the First Amended Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* (the "Confirmation Declaration"); and the Court having considered the terms and provisions of the Combined Disclosure Statement and Plan, the briefs and arguments regarding confirmation of the Combined Disclosure Statement and Plan, any

---

[3] *Affidavit of Service* at Docket No. 101 (the "Confirmation Notice Affidavit").

objections to confirmation of the Combined Disclosure Statement and Plan and any evidence in support thereof, and the evidence in support of confirmation of the Combined Disclosure Statement and Plan; and the Confirmation Hearing having been held on August 28, 2025; and after due deliberation;

**THE COURT HEREBY FINDS:**

A.      **Findings of Fact.** The findings of fact and the conclusions of law stated in this order (the "Confirmation Order") shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent that any finding of fact shall be determined to be a conclusion of law, it is adopted as such, and to the extent that any conclusion of law shall be determined to be a finding of fact, it is adopted as such.

B.      **Jurisdiction; Venue; Core Proceeding.** The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to section 1334 of the Bankruptcy Code, which was referred to this Court under section 157 of the Bankruptcy Code pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This Court has jurisdiction to determine whether the Combined Disclosure Statement and Plan complies with the applicable provisions of title 11 of the United States Code (the "Bankruptcy Code") and should be confirmed. Venue in this district is proper pursuant to sections 1408 and 1409 of the Bankruptcy Code. Confirmation of the Combined Disclosure Statement and Plan is a core proceeding pursuant to section 157(b)(2)(L) of the Bankruptcy Code. Confirmation of a plan by this Court is a constitutional exercise of the jurisdiction and power conferred by Congress on this Court, and this Court may enter a final order.

C.      **Sufficiency of Disclosures.** The disclosures contained in the Combined Disclosure Statement and Plan provided Holders of Claims and Interests with adequate information to make

an informed judgment about the Combined Disclosure Statement and Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

D.      **Notice, Transmittal, and Mailing of Solicitation Materials.** As evidenced by the Confirmation Notice Affidavit, due, adequate, and sufficient notice of the Combined Disclosure Statement and Plan, and the Combined Hearing, together with all deadlines for objecting to the Plan, have been provided as required by the Conditional Approval and Procedures Order. No other or further notice is necessary or shall be required.

E.      **Voting on Plan Unnecessary.** As set forth in Section 2.2 of the Combined Disclosure Statement and Plan, all Classes of Claims and Interests under the Plan are Unimpaired and deemed to accept the Plan. Accordingly, in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rule 3017 and 3018, the Conditional Approval and Procedures Order, all applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations, no parties were solicited to vote to accept or reject the Plan.

F.      **Vote Certification.** As set forth above, all holders of Claims and Interests in Classes 1, 2, 3, 4, and 5 are Unimpaired under the Combined Disclosure Statement and Plan and deemed to accept the Plan. Accordingly, no votes to accept or reject the Plan were tabulated or certified.

G.      **Releases, Exculpations and Injunctions.** The release, exculpation, and injunction provisions set forth in Section 16 of the Plan: (a) were conspicuously emphasized with bold typeface in the Combined Disclosure Statement and Plan and the Confirmation Hearing Notice such that all Holders of Claims and Interests were provided adequate notice and an opportunity to object; (b) are within the jurisdiction of the Court under sections 1334(a), 1334(b) and 1334(d) of the Bankruptcy Code; (c) are an essential means of implementing the Combined Disclosure Statement and Plan pursuant to section 1123(a)(5) of the Bankruptcy Code; (d) are an integral

element of the transactions incorporated into the Combined Disclosure Statement and Plan; (e) confer material benefits on, and are in the best interests of, the Debtor, its Estate, and its creditors; (f) are important to the overall objectives of the Combined Disclosure Statement and Plan to resolve finally all Claims among or against the key parties in interest in the Chapter 11 Case with respect to the Debtor; and (g) are consistent with sections 105, 1123, and 1129 and other applicable provisions of the Bankruptcy Code. The record of the Confirmation Hearing and the Chapter 11 Case is sufficient to support the release, exculpation, and injunction provisions in the Combined Disclosure Statement and Plan.

H.    **Plan Supplement.** On August 14, 2025, the Debtor filed the Plan Supplement, which included the (i) form of Amended and Restated Bylaws, (ii) form of Amended and Restated Certificate of Incorporation (together, the "Charter Documents"), (iii) Plan Administrator Agreement, (iv) Election of Subscription Option, and (v) disclosures pursuant to section 1129(a)(5) of the Bankruptcy Code.[4] All information and documents included in the Plan Supplement and the amendments thereto are integral to, part of, and incorporated by reference into the Plan. The Plan Supplement complies with the terms of the Plan, and the filing and notice of such documents provided due, adequate, and sufficient notice in accordance with the Conditional Approval and Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice is necessary or shall be required. Consistent with the terms of the Plan, the Debtor reserves its right to alter, amend, update, supplement, or modify the Plan Supplement before the Effective Date.

---

[4]    On August 25, 2025, the Debtor filed the *Notice of Filing of Amended Supplement to Combined Disclosure Statement and Plan of Reorganization of Marin Software Incorporated Under Chapter 11 of the Bankruptcy Code* [Docket No. 113], which included (i) the modified Plan Administrator Agreement, and (ii) a comparison against the original Plan Administrator Agreement.

I.  **Plan Compliance with Bankruptcy Code—11 U.S.C. § 1129(a)(1).** The Combined Disclosure Statement and Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(i)  **Proper Classification—11 U.S.C. §§ 1122, 1123(a)(1).** Aside from Administrative Claims, DIP Facility Claims, and Priority Tax Claims, which need not be classified, the Combined Disclosure Statement and Plan designates five (5) Classes of Claims or Interests against or in the Debtor. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class. The classification of Claims and Interests in the Combined Disclosure Statement and Plan is reasonable and necessary and has a rational, justifiable, and good faith basis. Valid business, factual, and legal reasons exist for classifying separately the various Classes of Claims and Interests created under the Combined Disclosure Statement and Plan, and such Classes do not discriminate unfairly among Holders of Claims and Interests. Therefore, the Combined Disclosure Statement and Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)  **Specify Unimpaired Classes—11 U.S.C. § 1123(a)(2).** Section 9.1 of the Combined Disclosure Statement and Plan specifies that no Classes of Claims or Interests are Impaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii)  **Specify Treatment of Impaired Classes—11 U.S.C. § 1123(a)(3).** Section 9.1 specifies that no Classes of Claims or Interests are Impaired under the Plan, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv)  **No Discrimination—11 U.S.C. § 1123(a)(4).** The Combined Disclosure Statement and Plan provides for the same treatment for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less

favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)      **Implementation of Plan—11 U.S.C. § 1123(a)(5).** Section 14 and other provisions of the Combined Disclosure Statement and Plan provide adequate means for implementation of the Combined Disclosure Statement and Plan, including provisions for the: (a) continued existence of the Reorganized Debtor; (b) discharge of the Debtors' current management and board of directors; (c) appointment of, and designation of the authority and role of, the Plan Administrator; (d) closing of the transactions required and contemplated under the Plan; (e) vesting of Estate property in the Reorganized Debtor; (f) the Reorganized Debtor's rights regarding litigation of Causes of Action; (g) termination of the Claims Agent; (h) application for entry of a final decree; and (i) winddown of non-Debtor subsidiaries. Such provisions provide adequate and proper means for implementation of the Combined Disclosure Statement and Plan, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

(vi)     **Non-Voting Equity Securities—11 U.S.C. § 1123(a)(6).** The Reorganized Debtor's governing documents, including the Charter Documents, shall be deemed to include provisions prohibiting the issuance of non-voting equity securities, to the extent required by section 1123(a)(6) of the Bankruptcy Code and limited as necessary to facilitate compliance with applicable non-bankruptcy federal laws governing foreign ownership of the Debtor. Thus, the requirements of section 1123(a)(6) of the Bankruptcy Code are satisfied.

(vii)    **Selection of Officers and Directors—11 U.S.C. § 1123(a)(7).** Pursuant to Section 14.2 of the Combined Disclosure Statement and Plan, the members of the board of directors of the Debtor and the officers of the Debtor existing immediately before the

Effective Date shall be deemed terminated and/or removed and the Plan Sponsor may nominate and elect new members of the board of directors. The members of the board of directors and officers of the Reorganized Debtor will be selected in accordance with the Charter Documents, provided that certain directors and officers have been selected and identified as set forth in the Plan Supplement. The manner of selection and appointment of the members of the board of directors and officers of the Reorganized Debtor is consistent with the interests of Holders of Claims and Interests and with public policy and accordingly satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

(viii)    **Additional Plan Provisions—11 U.S.C. § 1123(b).** The Combined Disclosure Statement and Plan's additional provisions, including in respect of the rejection of the Debtor's remaining executory contracts and unexpired leases, are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

J.    **Compliance with Bankruptcy Code—11 U.S.C. § 1129(a)(2).** The Debtor, as the proponent of the Combined Disclosure Statement and Plan, has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

K.    **Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3).** The Debtor has proposed the Combined Disclosure Statement and Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Court has examined the totality of the circumstances surrounding the formulation of the Combined Disclosure Statement and Plan. The Combined Disclosure Statement and Plan and related documents reflect and are the result of extensive, arm's-length, and good faith negotiations among the Debtor, the DIP Lender, Plan Sponsor, and other creditors and parties in interest in the Chapter 11 Case and are consistent with the best interests of the Estate, creditors, and other stakeholders. The Debtor, the DIP Lender, Plan Sponsor, and each of their respective agents, advisors, and professionals acted in good faith

in negotiating and proposing, where applicable, the Combined Disclosure Statement and Plan and all the agreements, compromises, settlements, transactions, and transfers contemplated thereby.

L.      **Payments for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4).** The Combined Plan and Disclosure Statement complies with section 1129(a)(4) of the Bankruptcy Code. Without limiting the generality of the foregoing, the selection and compensation of the Plan Administrator in accordance with the Combined Plan and Disclosure Statement is appropriate and proper.

M.      **Directors, Officers, and Insiders—11 U.S.C. § 1129(a)(5).** The Debtor has complied with section 1129(a)(5) of the Bankruptcy Code. Without limiting the generality of the foregoing, the identity and affiliations of the person who will serve as initial director and officers of the Reorganized Debtor as of the Effective Date has been fully disclosed in the Plan Supplement. Moreover, the identity and affiliation of the Plan Administrator has been fully disclosed in the Plan Supplement

N.      **No Rate Changes—11 U.S.C. § 1129(a)(6).** Section 1129(a)(6) of the Bankruptcy Code is not applicable.

O.      **Best Interests of Creditors—11 U.S.C. § 1129(a)(7).** Section 1129(a)(7) of the Bankruptcy Code is not applicable because all Holders of Claims and Interests are Unimpaired under the Plan.

P.      **Acceptance or Rejection by Certain Classes—11 U.S.C. § 1129(a)(8).** No Classes of Claims or Interests are Impaired under the Plan, and thus are deemed to accept the Plan. Therefore, the Combined Disclosure Statement and Plan satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code.

Q.      **Treatment of Administrative, DIP Facility, and Priority Tax Claims— 11 U.S.C. § 1129(a)(9).** The treatment of Administrative Claims (including DIP Facility Claims)

and Priority Tax Claims pursuant to Section 8 of the Combined Disclosure Statement and Plan satisfies the requirements of sections 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code.

R.    **Acceptance by Impaired Class—11 U.S.C. § 1129(a)(10).** No Classes of Claims or Interests are Impaired under the Plan. Therefore, section 1129(a)(10) of the Bankruptcy Code is not applicable.

S.    **Feasibility—11 U.S.C. § 1129(a)(11).** The Combined Disclosure Statement and Plan, the Confirmation Declaration, and other evidence proffered or adduced by the Debtor at the Confirmation Hearing with respect to the feasibility of the Combined Disclosure Statement and Plan: (a) are reasonable, persuasive, and credible; (b) have not been controverted by other evidence or challenged in any objection; and (c) establish that confirmation of the Combined Disclosure Statement and Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtor. Based upon the foregoing, the Court finds that the Debtor has satisfied the requirements of section 1129(a)(11) of the Bankruptcy Code.

T.    **Payment of Fees—11 U.S.C. § 1129(a)(12).** All fees payable under section 1930 of the Bankruptcy Code on or before the Effective Date, as determined by the Court, have been paid or will be paid on the Effective Date pursuant to the Combined Disclosure Statement and Plan, thus satisfying section 1129(a)(12) of the Bankruptcy Code.

U.    **Inapplicable Provisions—11 U.S.C. § 1129(a)(13)–(16).** Sections 1129(a)(13), (14), (15), and (16) of the Bankruptcy Code are inapplicable to the Combined Disclosure Statement and Plan.

V.    **Fair and Equitable; No Unfair Discrimination—11 U.S.C. § 1129(b).** No Classes of Claims or Interests are Impaired under the Plan. Therefore, section 1129(b) of the Bankruptcy Code is not applicable.

W. **Only One Plan—11 U.S.C. § 1129(c).** Other than the Combined Disclosure Statement and Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Case. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

X. **Principal Purpose—11 U.S.C. § 1129(d).** The principal purpose of the Combined Disclosure Statement and Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Combined Disclosure Statement and Plan on any such grounds. The Combined Disclosure Statement and Plan thus satisfies the requirements of section 1129(d) of the Bankruptcy Code.

Y. **Rejected Contracts and Leases.** Pursuant to Section 13 of the Combined Disclosure Statement and Plan, the Debtor has exercised sound business judgment in rejecting executory contracts and unexpired leases pursuant to the Combined Disclosure Statement and Plan. No party to an executory contract or unexpired lease to be rejected by the Debtor pursuant to the Combined Disclosure Statement and Plan has objected to the rejection thereof.

Z. **Satisfaction of Confirmation Requirements.** The Debtor has met its burden of proving the Plan satisfies all of the requirements for confirmation set forth in section 1129 of the Bankruptcy Code by a preponderance of the evidence.

AA. **Other Findings.** To permit the Plan Administrator to commence its duties as quickly as practicable and to promote prompt distributions under the Combined Disclosure Statement and Plan and Plan Administrator Agreement for the benefit of Holders of Claims and Interests, good cause exists to support the waiver of the stay imposed by Bankruptcy Rule 3020(e).

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  **Confirmation of Combined Disclosure Statement and Plan.** The Combined Disclosure Statement and Plan is approved on a final basis as having adequate information under sections 1125(a)(1) of the Bankruptcy Code. All requirements for confirmation of the Combined Disclosure Statement and Plan have been satisfied. The Combined Disclosure Statement and Plan is **CONFIRMED** in its entirety pursuant to section 1129 of the Bankruptcy Code. The terms of the Combined Disclosure Statement and Plan, exhibits to the Combined Disclosure Statement and Plan, the Plan Supplement, and any other documents filed in connection with the Combined Disclosure Statement and Plan and/or executed or to be executed in connection with the transactions contemplated by the Combined Disclosure Statement and Plan, and all amendments and modifications thereof, are expressly incorporated into, and form an integral part of, this Confirmation Order. Any and all objections to the Combined Disclosure Statement and Plan are hereby overruled and denied in their entirety on the merits, with prejudice. The provisions of the Combined Disclosure Statement and Plan and this Confirmation Order are non-severable and mutually dependent. The failure specifically to include or reference any particular term or provision of the Combined Disclosure Statement and Plan in this Confirmation Order shall not diminish or impair the effectiveness of such term and provision, it being the intent of the Court that the Combined Disclosure Statement and Plan, the Plan Supplement, and all related agreements and documents be approved and confirmed in their entirety. The compromises or settlements of Claims, Interests, and controversies contemplated by the Combined Disclosure Statement and Plan are approved in accordance with sections 105, 363, and 1123 of the Bankruptcy Code and Bankruptcy Rule 9019.

2.  **Occurrence of Effective Date.** The Effective Date of the Combined Disclosure Statement and Plan shall occur on the date when the conditions set forth in Section 17.2 of the

Combined Disclosure Statement and Plan have been satisfied or, if applicable, waived pursuant to Section 17.3 of the Combined Disclosure Statement and Plan.

3.    **Binding Effect.** Effective on the Effective Date, to the fullest extent provided under section 1141 of the Bankruptcy Code, the Combined Disclosure Statement and Plan and its provisions (including, without limitation, the exculpation provisions (Section 16.2), the release provisions (Section 16.3), and the injunction provisions (Section 16.4)) shall be binding upon the Debtor, the Reorganized Debtor, the Plan Administrator, any individual or entity acquiring or receiving property or a distribution under the Combined Disclosure Statement and Plan, and any Holder of a Claim against or Interest in the Debtor, including all governmental entities. Pursuant to sections 1123(a), 1123(b), and 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, from and after the Effective Date, the Debtor, the Reorganized Debtor, and the Plan Administrator shall comply with the Combined Disclosure Statement and Plan and all other related documents, which shall be enforceable notwithstanding any otherwise applicable non-bankruptcy law. All settlements, compromises, discharges, releases, waivers, exculpations, and injunctions set forth in the Plan shall be, and hereby are, effective and binding on all Persons who may have had standing to assert any settled, released, discharged, exculpated, or enjoined Causes of Action, and no other Person or entity shall possess such standing to assert such Causes of Action after the Effective Date.

4.    **Releases.** For good and valuable consideration provided by each of the Released Parties, the adequacy of which is hereby acknowledged and confirmed, subject to the exceptions and exclusions contained in the Combined Disclosure Statement and Plan, the release provisions of Section 16.3 of the Combined Disclosure Statement and Plan are approved, are incorporated by reference into, and are an integral part of this Confirmation Order and shall be effective immediately upon the Effective Date without any further order or action of the Court.

5.      **No Successor Liability.** Except as otherwise set forth in the Combined Disclosure Statement and Plan, to the fullest extent permitted by applicable laws, the Plan Sponsor and the Reorganized Debtor and its and their affiliates and successors shall have no liability, including without limitation successor liability, arising from or in connection with the Combined Disclosure Statement and Plan, this Order, or the issuance of the Reorganized Debtor New Equity or the transfer of Estate Property contemplated in the Plan.

6.      **Discharge.** Pursuant to Section 16.1 of the Combined Disclosure Statement and Plan, to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code, except as otherwise expressly provided by the Combined Disclosure Statement and Plan or the Confirmation Order, all Distributions under the Combined Disclosure Statement and Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Causes of Action, whether known or unknown, including any interest accrued on such Claims from and after the Petition Date, against, liabilities of, Liens on, obligations of, rights against, and Interests in, the Debtor or any of its assets or properties, and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or Interests. Except as otherwise expressly provided by the Plan or the Confirmation Order, upon the Effective Date, the Debtor and its estate will be deemed discharged and released under and to the fullest extent provided under section 1141(d)(1)(A) and other applicable provisions of the Bankruptcy Code from any and all Claims and Interests of any kind or nature whatsoever, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code. This Confirmation Order is a judicial determination of the discharge of all Claims against, and Interests in, the Debtor, subject to the occurrence of the Effective Date. Except as otherwise expressly provided in the Plan, all Persons shall be precluded and forever barred from

asserting against the Debtor, the Reorganized Debtor, or their successors or assigns, or their assets, properties, or interests in property, any other or further Claims or Interests, Causes of Action, or any other right to legal or equitable relief, regardless of whether such right can be reduced to a right to payment, based upon any act or omission, transaction, or other activity of any kind or nature that occurred prior to the Effective Date, whether or not the facts of or legal bases therefor were known or existed prior to the Effective Date.

7.     **Exculpation.** The exculpation provisions of Section 16.2 of the Combined Disclosure Statement and Plan are approved, are incorporated by reference into, and are an integral part of this Confirmation Order and shall be effective immediately upon the Effective Date without any further order or action of the Court.

8.     **Injunction.** The injunction provisions of Section 16.4 of the Combined Disclosure Statement and Plan are approved, are incorporated by reference into, and are an integral part of this Confirmation Order and shall be effective immediately upon the Effective Date without any further order or action of the Court.

9.     **Cancellation of Interests.** Upon the Effective Date, pursuant to Section 10.5 of the Combined Disclosure Statement and Plan (Class 5— Interests), all Interests shall be deemed automatically cancelled, discharged, and surrendered and shall be of no further force. Upon the Effective Date, for the avoidance of doubt, the Preferred Share (as defined in the Plan Supplement) is deemed canceled, and the holder of the Preferred Share is not entitled to a distribution under the Combined Disclosure Statement and Plan.

10.    **Plan Implementation.** All implementing actions required or contemplated by the Combined Disclosure Statement and Plan, including the vesting of all Estate Property (except for the Excluded Assets, the Available Cash, and the Plan Consideration) in the Reorganized Debtor and the appointment of the Plan Administrator, are hereby authorized and approved in all respects

in accordance with the Combined Disclosure Statement and Plan. The Plan Administrator shall have the rights, duties, and powers as set forth in the Combined Disclosure Statement and Plan. The Plan Administrator shall be authorized to take any action as may be necessary or appropriate to effectuate and evidence further the terms and conditions of the Combined Disclosure Statement and Plan, whether or not specifically referred to in the Combined Disclosure Statement and Plan or any exhibit thereto, without further order of the Court or further action by the Reorganized Debtor or any other person. For the avoidance of doubt, the Debtor, the Plan Sponsor, the Reorganized Debtor, and the Plan Administrator are authorized and empowered pursuant to section 303 of the Delaware General Corporation Law to take any and all actions necessary or desirable to implement the transactions contemplated by the Combined Disclosure Statement and Plan and this Confirmation Order, in each case without any requirement of further vote, consent, approval, authorization, or other action by the stockholders, officers, or directors, or notice to, order of, or hearing before this Court. Any or all such documents shall be accepted upon presentment by each of the respective state filing offices and recorded in accordance with applicable state law and shall become effective in accordance with their terms and the provisions of state law. Immediately prior to the Effective Date, all existing officers and directors of the Debtor shall be deemed to have resigned from their respective positions, and the persons who will serve as initial directors and officers of the Reorganized Debtor will be deemed to have been appointed to such positions immediately on or as of the Effective Date. From and after the Effective Date, the Reorganized Debtor may operate its business and manage its affairs and property in accordance with the Combined Disclosure Statement and Plan and related documents, without supervision of or approval by the Court, and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than restrictions expressly imposed by the Combined Disclosure Statement and Plan or this Confirmation Order.

11.      **Governmental Approvals Not Required.** This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Combined Disclosure Statement and Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Combined Disclosure Statement and Plan and any documents, instruments, or agreements, and any amendments or modifications thereto.

12.      **Exemption from Certain Transfer Taxes.** Pursuant to section 1146(a) of the Bankruptcy Code, any transfers from the Debtor to the Reorganized Debtor or the Plan Administrator or any other person pursuant to, in contemplation of, or in connection with the Combined Disclosure Statement and Plan shall not be taxed under any law imposing a stamp tax, sales or use tax, or other similar tax or government assessment. Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement distributions under the Combined Disclosure Statement and Plan, including the documents contained in the Plan Supplement and all documents necessary to evidence and implement any of the transactions and actions described in the Combined Disclosure Statement and Plan or the Plan Supplement.

13.      **Applicable Non-Bankruptcy Law.** Pursuant to sections 1123(a), 1123(b), and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Combined Disclosure Statement and Plan, or any other amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law. The consummation of the Combined Disclosure Statement and Plan, including the rejection of any executory contract or unexpired lease by the Reorganized Debtor, shall not constitute a change in ownership or change in control, including, without limitation, under any employee benefit plan or program, financial

instrument, loan or financing agreement, executory contract or unexpired lease, or contract, lease, or agreement in existence on the Effective Date to which the Debtor is a party.

14.     **Securities Exempt from Registration.** To the maximum extent provided by section 1145 of the Bankruptcy Code and/or applicable non-bankruptcy law, the offer or issuance under the Combined Disclosure Statement and Plan of the Reorganized Debtor New Equity shall be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder and any state or local law requiring registration prior to the offering, issuance, distribution, or sale of securities. Pursuant to section 1145(c) of the Bankruptcy Code, to the extent applicable, the resale of any equity and any other securities issuable pursuant to the Combined Disclosure Statement and Plan shall be exempt from registration under the Securities Act of 1933, as amended, and all rules and regulations promulgated thereunder and any state or local law requiring registration prior to the offering, issuance, distribution, or sale of securities, except for any restrictions set forth in section 1145(b) of the Bankruptcy Code and any restriction contained in the Plan Documents. The Debtor or Reorganized Debtor may take all necessary actions, if applicable, prior to or after the Effective Date to suspend any requirement to (i) be a reporting company under the Securities Exchange Act of 1934, as amended, and (ii) file reports with the SEC or any other entity or party. On or promptly after the Effective Date, the Debtor or the Reorganized Debtor may file with the SEC a Form 15 for the purpose of terminating the registration of the Debtor Common Stock and suspending the Debtor's duty to file reports under the Securities Exchange Act of 1934, as amended, and take any other or similar action in connection therewith.

15.     **Approval of Assumption or Rejection of Contracts and Leases.** Unless otherwise provided herein or in another order of the Court, the Debtor's assumption and rejection of executory contracts and unexpired leases, as applicable, pursuant to Section 13 of the Combined

Disclosure Statement and Plan is hereby approved as of the Effective Date. For the avoidance of doubt, only those executory contracts and unexpired leases listed in the Schedule of Assumed Agreements (as amended) shall be assumed pursuant to the Combined Disclosure Statement and Plan and this Confirmation Order. All other executory contracts and leases to which the Debtor is a party that (a) the Debtor has not assumed and/or assigned or rejected with the approval of the Court prior to the Effective Date or (b) is not the subject of a motion to assume pending as of the Effective Date, shall be rejected pursuant to the Combined Disclosure Statement and Plan and this Confirmation Order as of the Effective Date. This Confirmation Order constitutes a conclusive determination that the amount of any cure and compensation due under the applicable contracts and leases assumed hereunder is fixed in the applicable amount set forth in the Schedule of Assumed Agreements (as amended), and no other or further amount is due and owing to the applicable counterparty on account of such contracts and leases. The Reorganized Debtor has demonstrated adequate assurance of future performance with respect to such contracts and leases, to the extent required, and otherwise satisfied the requirements of section 365 of the Bankruptcy Code.

16.     **Claims Based on Rejection of Executory Contracts and Unexpired Leases.** Any Claims created by the rejection of executory contracts and unexpired leases pursuant to Section 13 of the Combined Disclosure Statement and Plan and this Confirmation Order must be timely filed with the Bankruptcy Court and served on the Debtor and the Plan Administrator in accordance with Section 13 of the Combined Disclosure Statement and Plan. Except as expressly provided in the Combined Disclosure Statement and Plan or this Confirmation Order, any Claims arising from the rejection of an executory contract or unexpired lease pursuant to Section 13 for which proofs of claim are not timely filed within that time period shall be forever barred from assertion, and

shall not be enforceable, against the Debtor, the Estate, the Reorganized Debtor, the Plan Administrator, their respective successors and assigns, and their respective assets and properties.

17.    **Transfers by Debtor; Vesting and Revesting of Assets.** All transfers of property of the Estate, including, without limitation, the vesting of all Estate Property (except for the Excluded Assets, the Available Cash, and the Plan Consideration) in the Reorganized Debtor: (a) are legal, valid, and effective transfers of property; (b) vest the transferees with good title to such Property free and clear of all Claims, Liens, interests, charges, or other encumbrances, except as expressly provided in the Combined Disclosure Statement and Plan or this Confirmation Order; (c) do not and will not constitute avoidable transfers under the Bankruptcy Code or under applicable law; (d) do not and will not subject the Reorganized Debtor or the Plan Administrator to any liability by reason of such transfer under the Bankruptcy Code or under applicable non-bankruptcy law, including, without limitation, any laws affecting successor, transferee, or stamp or recording tax liability; and (e) are for good consideration and value. Pursuant to sections 1141(b) and (c) of the Bankruptcy Code, all Estate Property of the Debtor referenced in Section 14.5 of the Plan shall vest and revest in the Reorganized Debtor free and clear of all Claims, Liens, interests, charges, and other encumbrances, except as expressly provided in the Combined Disclosure Statement and Plan.

18.    **Appointment of Plan Administrator.** Armanino Advisory LLC is hereby appointed to serve as the Plan Administrator on the terms set forth in this Confirmation Order, the Combined Disclosure Statement and Plan, and the Plan Administrator Agreement.

19.    **Authorization, Duties, and Powers of Plan Administrator.** The Plan Administrator is hereby authorized to take any and all actions necessary or appropriate in furtherance of, and to implement, effectuate, and consummate the Combined Disclosure Statement and Plan, this Confirmation Order, and duties and obligations contemplated thereby and hereby,

including without limitation all of the duties, obligations, rights, and benefits set forth in the Plan Administrator Agreement.

20.     **Survival of Prior Orders.** Pursuant to section 1141 of the Bankruptcy Code, effective as of and subject to the occurrence of the Effective Date and subject to the terms of the Combined Disclosure Statement and Plan and this Confirmation Order, all prior orders entered in the Chapter 11 Case, all documents and agreements executed by the Debtor as authorized and directed thereunder, and all motions or requests for relief by the Debtor pending before the Court as of the Effective Date that ultimately are granted shall be binding upon and shall inure to the benefit of the Debtor, the Reorganized Debtor, and their respective successors and assigns, including the Plan Administrator, as applicable.

21.     **Conflict Between Plan and Confirmation Order.** The provisions of the Combined Disclosure Statement and Plan and of this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; *provided*, *however*, that if there is determined to be any direct conflict between any Combined Disclosure Statement and Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such conflict, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Combined Disclosure Statement and Plan and shall control and take precedence.

22.     **Plan Supplement.** Before the Effective Date, the Debtor shall have the right to finalize, amend, supplement, or modify the Plan Supplement, and any other documents necessary for the implementation of the transactions contemplated thereby, in accordance with the Bankruptcy Code and the Bankruptcy Rules, and in accordance with and subject to any consent or consultation rights set forth in the Combined Disclosure Statement and Plan. The provisions of the Plan Supplement and this Confirmation Order shall be construed in a manner consistent with each

other so as to effect the purposes of each; *provided, however*, that if there is determined to be any direct conflict between any provision in the Plan Supplement (including any provision of any document included therein) and any provision of this Confirmation Order that cannot be so reconciled, then, solely to the extent of such conflict, the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan Supplement (or any such document included therein, as applicable) and shall control and take precedence.

23.    **Tax Consequences.** In confirming the Combined Disclosure Statement and Plan, this Court has not made any determination as to the federal tax liabilities or tax consequences of the Combined Disclosure Statement and Plan. Nothing in the Combined Disclosure Statement and Plan or this Confirmation Order shall be deemed to be a determination of: (a) the federal tax liability of any person or entity, including but not limited to the Debtor and the Reorganized Debtor; or (b) the federal tax treatment of any item, distribution, or entity, including the federal tax consequences of the Combined Disclosure Statement and Plan.

24.    **Reversal.** If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of the Court or any other court, in the absence of a stay of this Confirmation Order, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken in good faith under or in connection with the Combined Disclosure Statement and Plan prior to the Debtor's, the Reorganized Debtor's, or the Plan Administrator's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, in the absence of a stay of this Confirmation Order, any such act or obligation incurred or undertaken in good faith pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation

Order and the Combined Disclosure Statement and Plan, and any amendments or modifications thereto.

25. **Authorization to Consummate Combined Disclosure Statement and Plan.** Notwithstanding Bankruptcy Rule 3020(e), this Confirmation Order shall take effect immediately upon its entry and the Debtor is authorized to consummate the Combined Disclosure Statement and Plan immediately after entry of this Confirmation Order and the satisfaction or waiver of all conditions to the Effective Date of the Combined Disclosure Statement and Plan, in accordance with the Combined Disclosure Statement and Plan. The Combined Disclosure Statement and Plan shall only become effective on the Effective Date. On the Effective Date, the Combined Disclosure Statement and Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

26. **Administrative Claims Bar Date.** All Professionals shall file their respective applications for final allowances of compensation for services rendered and reimbursement of expenses incurred on behalf of the Estate prior to the Effective Date on or before the date that is **thirty (30) days after the Effective Date**. All Administrative Claims must be filed by no later than **thirty (30) days after the Effective Date** (the "Administrative Claims Bar Date") and objections (if any) to such Administrative Claim may be filed no later than 180 days after the Effective Date, unless extended by the Court. Any person or entity purportedly holding an Administrative Claim that is required to file such Administrative Claim but fails to do so in accordance with this Confirmation Order, as applicable, shall not participate in any distribution in the Chapter 11 Case on account of such purported Administrative Claim.

27. **Distributions.** The Plan Administrator, on behalf of the Debtor and/or Reorganized Debtor, will: (a) make the distributions to Holders of Claims and Interests required under the Combined Disclosure Statement and Plan in accordance with the priorities set forth herein and the

other provisions of the Combined Disclosure Statement and Plan; (b) administer and liquidate the Excluded Assets, Available Cash, and Plan Consideration; and (c) otherwise wind down the Estate and Non-Debtor Subsidiaries.

28.     **Insurance.** Subject to Section 13.3 of the Combined Disclosure Statement and Plan, nothing in the Combined Disclosure Statement and Plan, Plan Supplement, or this Confirmation Order (i) alters the rights and obligations of the Debtor and the Debtor's insurers (and third party claims administrators) under applicable insurance policies (and the agreements related thereto), (ii) modifies the coverage provided thereunder or the terms and conditions thereof, (iii) diminishes or impairs the enforceability of any insurance policies, or any claims thereunder, covering former officers and/or directors of the Debtor, and any such rights and obligations shall be determined under the applicable insurance policies, any related agreement of the parties and applicable law.

29.     **Non-Occurrence of the Effective Date; Revocation of the Combined Disclosure Statement and Plan.** If the Combined Disclosure Statement and Plan is revoked or withdrawn pursuant to Section 19.2 of the Combined Disclosure Statement and Plan prior to the Effective Date, the Combined Disclosure Statement and Plan and this Confirmation Order shall be deemed null and void. In the event that the conditions to the occurrence of the Effective Date have not been timely satisfied or waived, and upon notification filed by the Debtor with the Bankruptcy Court, this Confirmation Order shall be vacated and the Debtor and all parties in interest shall be restored to the *status quo ante*. If this Confirmation Order is vacated, the Combined Disclosure Statement and Plan shall be null and void in all respects and nothing contained in the Combined Disclosure Statement and Plan shall: (a) constitute a waiver or release of any Claims by or against, or any Interests in, the Debtor; (b) prejudice in any manner the rights of the Debtor or any other Person

or Entity; or (c) constitute an admission, acknowledgment, offer, or undertaking by the Debtor in any respect.

30.     **Notice of Effective Date.** Promptly following the occurrence of the Effective Date, the Plan Administrator shall file a notice of entry of this Confirmation Order and the occurrence of the Effective Date and serve a copy thereof on all known Holders of Claims and Interests, the U.S. Trustee, and all parties that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002. Such service constitutes good and sufficient notice of the entry of this Confirmation Order, the relief granted herein, and the occurrence of the Effective Date, including, without limitation, the rejection of executory contracts and unexpired leases of the Debtors as provided for in the Combined Disclosure Statement and Plan and this Confirmation Order, and any bar dates and deadlines established under the Combined Disclosure Statement and Plan and this Confirmation Order, and no other or further notice of the entry of this Confirmation Order, the occurrence of the Effective Date, and any such rejections, bar dates, and deadlines need be given.

31.     **SEC Carve Out.** Notwithstanding any language to the contrary in the Combined Disclosure Statement and Plan or this Confirmation Order, no provision shall: (i) preclude the SEC from enforcing its police or regulatory powers; or (ii) enjoin, limit, impair, or delay the SEC from commencing or continuing any claims, causes of action, proceedings, or investigations against any non-Debtor person or non-Debtor entity in any forum; *provided*, *however*, that nothing in this paragraph shall modify any applicable protections provided for in section 1125(e) of the Bankruptcy Code.

32.     **Retention of Jurisdiction.** This Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Combined Disclosure Statement and Plan to the fullest extent permitted by law, including, without limitation, as set forth in Section 18 of the Combined Disclosure Statement and Plan.

33.     **Waiver of Stay.** The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for 14 days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.